UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARKEL NANCE,

Plaintiff,

- against -

Jeff Nabozny, Individually and as an Officer of the
New York State Department of Correction –
Community Service, Eugene Raimo, Individually and
as an Officer of the New York State Department of
Correction and Community Service, James Huntington,
Individually and as an Officer of the New York State
Department of Correction and Community Service,
Robert Gregory, Individually and as an Officer of the
New York State Department of Correction and
Community Service, D. Jackson, Individually and as a
Registered Nurse Employed by the New York State
Department of Correction and Community Service,
_____ Byers, Individually and as a Sergeant of the
New York State Department of Correction and
Community Service, Christopher Miller, Individually
and as Superintendent of the Great Meadow
Correctional Facility of the New York Department of
Correction and Community Service,

Defendants

-----------------------------------------------------------------x

**CIVIL COMPLAINT**

9:18-cv-398 (DNH/DEP)

Plaintiff, Markel Nance, by his attorneys, Harding & Moore, Esqs.,

complaining of the Defendants, alleges as follows:

## <u>JURISDICTION</u>

**FIRST**:     The jurisdiction of this Court is invoked pursuant to Title

28 of the United States Code, Sections 1331 and 1332 in that this lawsuit is brought

pursuant to a statute of the United States of America, namely Title 42, Section 1983, United States Code and under the Constitution of the United States.

## PARTIES

**SECOND:** The Plaintiff in this action is Markel Nance, a natural person who is a citizen of the United States of America and is and was at all times here relevant a sentenced prisoner committed to the care and custody of the New York State Department of Correction and Community Service (hereinafter "NYDOCCS"). His inmate identification number is 10-A-4174.

The Defendant Jeff Nabozny is a Correction Officer of the NYDOCCS and is sued individually and in his capacity as a correction officer of NYDOCCS.

The Defendant Eugene Raimo is a Correction Officer of the NYDOCCS and is sued individually and in his capacity as a correction officer of NYDOCCS.

The Defendant James Huntington is a Correction Officer of the NYDOCCS and is sued individually and in his capacity as a correction officer of NYDOCCS.

The Defendant Robert Gregory is a Correction Officer of NYDOCCS and is sued individually and in his capacity as a Correction Officer of NYDOCCS.

The Defendant D. (First Name Unknown) Jackson is a Registered Nurse employed by NYDOCCS and is sued individually and in her official capacity as a nurse employed by NYDOCCS who was in charged with Plaintiff's medical care.

The Defendant "John". (First Name Unknown) Byers is a Sergeant of Correction Officers of the NYDOCCS and is sued individually and in his official capacity as a Sergeant of Correction Officers of NYDOCCS.

The Defendant Christopher Miller is the Superintendent of the Great Meadow Correctional Facility (hereinafter Great Meadow CF) in Comstock, New York and is sued individually and in his official capacity as Superintendent of Great Meadow CF, a facility operated by and a part of NYDOCCS.

## VENUE

Venue is laid in the Northern District of New York because all events complained of herein took place at Great Meadow Correctional Facility in Comstock, New York in Washington County in the Northern District of New York

## NATURE OF CAUSE OF ACTION

**THIRD:**

This is in the nature of a civil right action brought by a prisoner alleging violation of his civil rights by reason of Defendants, all engaged in State Action, as employees of NYDOCCS at Great Meadow Correctional Facility, using excessive force against Plaintiff, inflicting cruel and unusual punishment against Plaintiff, deliberately withholding medical treatment from Plaintiff, and deliberately filing false institutional charges against Plaintiff in violation of Plaintiff's rights under the Fifth, Sixth, Eighth and Fourteenth Amendments. This action is brought pursuant to 42 United States Code § 1983.

## STATEMENT OF FACTS

**FOURTH:**

On 4/6/15 Plaintiff Markel Nance was a sentenced prisoner in the custody of the New York State Department of Corrections and Community Service (hereinafter referred to as "NYDOCCS") who was housed in the Great Meadow Correctional Facility

(hereinafter referred to as "Great Meadow CF")as a sentenced New York State prisoner with inmate identification number 10-A-4174.

**FIFTH**:

On 4/6/15 Plaintiff's inmate group, or company was on its way to the "chow" hall under the supervision of correction officers employed by the NYSDCCS assigned to Great Meadow CF when a fight involving two other inmates – and not involving Plaintiff broke out.

**SIXTH**:

When the fight broke out, all inmates, as is the practice, custom and policy at Great Meadow and other Correctional Facilities in New York State were directed to take the bars and put their hands on the bars in the frisk position. Plaintiff did so along with the other inmates.

**SEVENTH**:

While Plaintiff was in the position described above, an inmate standing next to him was struck by a correction officer. This drew plaintiff's attention and he reflexively turned his face to the left to see what had happened.

**EIGHTH**:

When Plaintiff turned his head, he was struck by Defendant C.O. Nabozny, being punched hard in the face and his head was forced violently by C.O. Nabozny against the bars, immediately causing Plaintiff to feel enormous pain in his head, eyes, face and nose,

causing serious and substantial injuries which will be set forth in detail _infra_. Plaintiff also began to bleed profusely from his head, especially his nose.

**NINTH:**

The force of the blows described above caused Plaintiff to fall to the floor. While on the floor he was set upon by various correction officers, who punched him, kicked him, and struck him with batons about his face, head and body. One of the correction officers stuck his thumb in Plaintiff's left eye, causing enormous pain which will be detailed _infra_ when the injuries will be set forth in greater detail.

**TENTH:**

That Plaintiff was wearing a sweater on 4/16/15 which, after he was pulled to his feet by the Defendant correction officers, was pulled over his head as he was walking along so that other inmates could not see his injuries or the degree to which he was bleeding.

**ELEVENTH:**

That on 4/6/15 Plaintiff was escorted to the infirmary where Plaintiff made complaints of pain to his head, his eyes and his nose. Nevertheless, Defendant Nurse Jackson saw fit to write on the medical form that Plaintiff made no complaints of pain other than a bloody nose.

**TWELFTH:**

Institutional charges were almost immediately brought against Plaintiff accusing him of "Assault on Staff" and engaging in a disturbance.

**THIRTEENTH:**

That use of force reports were filed by the involved correction officers. Defendant Nabozny claimed that he was responding to an incident between two other inmates (not including Defendant) when Plaintiff came off the bars and pushed Defendant C.O. Nabozny in the chest, causing Defendant Nabozny to go to the ground. Nabozny then got up.

**FOURTEENTH:**

That Defendant C.O. Raimo claims to have seen the incident involving Defendant Nabozny, and as he approached, Plaintiff lowered his shoulders and charged Defendant C.O. Raimo to which Raimo says he responded by throwing a left and right (punches) to Plaintiff's face, knocking Plaintiff to the ground.

**FIFTEENTH:**

That while he was on the ground as aforesaid, the correction officers, acting in concert, continued to strike Plaintiff about the face and body with kicks from steel-toed shoes, batons, fists and also, without cause or provocation from Plaintiff, gouged his (left) eye by pushing a thumb into it.

**SIXTEENTH:**

That Plaintiff maintains that on 4/6/15 and at all times here relevant that he was not the initial aggressor, tried as best he could to protect himself and was falsely accused of institutional charges brought by correction officers and officials in order to cover up their own misconduct.

**SEVENTEENTH:**

That on 4/7/15 Plaintiff was seen in the clinic at Great Meadow Correctional

Facility. The "objective" findings were "alleged altercation, left swollen eye, nose bleed

and [complaint of] right rib pain. Bleeding controlled. Under "subjective finding" was

"no c/o pain or vision changes around eye." He was admitted to the infirmary.

**EIGHTEENTH:**

That on 4/6/15 a New York State Department of Corrections and Community

Services Inmate Injury Report was filed by D. Jackson R.N. giving the inmate's

statement as "My ribs hurt a little on the right". She noted a left eye swollen but wrote

"left eye swollen. Nose bleeding . . . Denies pain around eye or visual changes."

**NINETEENTH:**

That on 4/22/15 a CT Scan was ordered. Plaintiff had been complaining, as

documented in his institutional Ambulatory Health Record of ongoing pain in his left eye

and right ribs. A CT-Scan was ordered to take place at Albany Medical Center for

5/8/15, with and without contrast.

**TWENTYETH:**

That a consultant's ophthalmology report dated 5/20/15 described status post-

orbital trauma 4/6/15, complaints of blurry vision since then, not improved. The

consultation in the same report called for oculoplastics evaluation "ASAP." A report of

the same consultant dated 5/20/15 and signed on 5/26/15 noted "depressed orbital floor

fracture with herniation."

**TWENTY-FIRST:**

That on 5/8/15 Plaintiff underwent a CT Maxillo-Facial scan with contrast. The findings, contained in a report dated 5/11/15 by Michael Wolf, M.D. and Joseph Cousins M.D. at Albany Medical Center, were that Plaintiff had a depressed left orbital fracture with herniation of orbital fat through the fracture site. There was post-traumatic scarring of the left interior rictus muscle with tethering of the muscle at the fracture site.

**TWENTY-SECOND:**

That on 6/12/15 at Albany Medical Center Hospital Plaintiff was placed under general anesthesia and underwent surgery to repair a left orbital floor blowout fracture. This was the pre and post operative diagnosis of the surgeon, Asdit Patel, M.D. The procedure was an Open Reduction with Internal Fixation with a reinforced porous titanium implant fixed to the orbital rim with a drilling screw. He then had the skin of the lower eyelid closed with a 5.0 prolene suture, the suture was fixed to the forehead. The implant consisted of titanium reinforced polyethylene. Mr. Nance was extubated and taken to a PACU in stable condition.

**TWENTY-THIRD:**

The surgery described above was performed by Asdit Patel, M.D., Associate Professor of Plastic Surgery at Albany Medical Center in Albany, New York on 6/12/15.

**TWENTY-FOURTH:**

That Plaintiff was formally discharged from Albany Medical Center on 6/13/15 back to Great Meadow Correctional Facilty with discharge medication instructions that included Tramadol (Ultram) 50 mg. in tablet.

**TWENTY-FIFTH:**

Plaintiff was returned from Albany Medical Center to the infirmary at Great Meadow Correctional Facility on 6/13/15. He was followed there. A progress note of 6/13/15 noted "still [with] swelling present [left] lateral orbit and [left] lower eyelid. No c/o visual deficits. V/s stable Mr. Nance was discharged to his cell on 6/15/15."

**TWENTY-FIFTH:**

That on 4/6/15 Sgt. Byers of GMCF submitted an Unusual Incident & Use of Force (U.I. – UOF) Report to Superintendent Christopher Miller stating that a two-man fight had broken out on A-8 Company between two inmates during which plaintiff "refused to comply with staff direction to keep his hands on the bars."

**TWENTY-SIXTH:**

That Sgt. Byers, in this report stated that "Imnate Nance pushed off the bars and assaulted officer J. Nabozny, pushing him to the ground. At this time force became necessary to gain compliance with staff direction, and to prevent further assault."

**TWENTY-SEVENTH:**

The report further states that inmates were removed from the area and video cameras "were activated once they arrived at the facility hospital." Although video

cameras were operated by named correction officers with respect to three inmates," there was no video camera available for inmate Nance."

**TWENTY-EIGHTH:**

That Nurse D. Jackson, as part of the use of Force Report dated 4/6/15, noted that Plaintiff's left eye was swollen but that "he denies pain or vision changes and cited "rib discomfort"

**TWENTY-NINTH:**

That in a report dated 4/6/15 from C.O. Nabozny to Superintendent Miller, Nabozny stated that as he was providing "security coverage" Plaintiff Nance "violently pushed rearward with both hands in the center of my chest. I fell rearward to the floor" Nabozny went on to state in his report that he "recovered from the assault" and thereafter took control of Mr. Nance's left arm.

**THIRTIETH:**

That in a report dated 4/6/15 C.O. Raimo stated that on that date he responded to a call for assistance and observed Mr. Nance "assault staff" after which Mr. Nance lowered his shoulders and charged at him. CO Raimo reported that he struck Mr. Nance "with a right clenched fist to the left side of the inmate's face near the eye" and "followed that strike with a left handed strike to the inmate's jaw on the right side. The strikes had the desired effect and the inmate fell to the floor.

**THIRTY-FIRST:**

That in a report dated 4/6/15 from C.O. Huntington to Superintendent Miller he stated that he responded to a call for assistance, saw Plaintiff "assault staff", described placement of his hands on Mr. Nance's right wrist and right shoulder, rolling him onto his stomach. C.O. Huntington and "staff" ordered Mr. Nance to remove his hands from under his body but, according to the report he refused. C.O. Huntington reported that "I delivered a strike with a left clenched fist to the inmate's rib area on the right side. The strike did not have the desired effect. I delivered a second strike with my left clenched fist to the inmate's rib area on the right side, this strike had the desired effect." Other staff applied restrains.

**THIRTY-SECOND:**

That in a report dated 4/6/15 from C.O. Gregory to Superintendent Miller, C.O. Gregory wrote that he responded and saw Mr. Nance "violently kicking on the ground" He described use of his baton across the inmate's back and his right knee in the center of Mr. Nance's back and controlled his upper body while on the floor. C.O. Gregory wrote that he did not strike Mr. Nance with the baton. He applied leg restraints. He wrote that all force ceased when he and other staff "assisted the inmate to his feet."

**THIRTY-THIRD:**

That on 4/30/15 an Unusual Incident Report from Sgt. Byers to Superintendent Miller was printed incorporating most of the contents of the reports set forth <u>supra.</u>

**THIRTY-FOURTH:**

That Plaintiff was charged with "Assault on Staff" and also filed an inmate grievance protesting his treatment.

**THIRTY-FIFTH:**

That Plaintiff received an unfavorable disposition following his Tier III hearing regarding the incident of April 6, 2015.

**THIRTY-SIXTH:**

That Plaintiff appealed this ruling to the Commissioner of NYDOCCS in Albany and did so unsuccessfully.

**THIRTY SEVENTH:**

That the Commissioner affirmed the disposition of guilt rendered by the Hearing Officer at Tier III.

**THIRTY EIGHTH:**

That Plaintiff appealed to CORC, the final step in the grievance appeal process. This appeal was unsuccessful.

**AS AND FOR A FIRST CAUSE OF ACTION-**
**VIOLATION OF TITLE 42 UNITED STATES CODE**
**SECTION 1983 – USE OF EXCESSIVE FORCE**

**THIRTY NINTH:**

That Plaintiff Markel Nance repeats, realleges and reiterates each and every allegation set forth in Paragraphs "First" through "Thirty-Eighth" as if fully set forth herein;

**FOURTEENTH:**

That Defendant's Nabozny, Raimo, Gregory Huntington and Byers were, at all times encompassed by the Statement of Facts, <u>supra</u>, engaged in state action and were acting under color of state law in that they were on duty, in uniform and acting as Correction Officers and a Sergeant, respectively of NYDOCCS.

**FORTY-FIRST:**

That the actions taken by the Defendants Nabozny, Raimo, Gregory and Huntington and supervised by Defendant Sergeant Byers against Plaintiff Markel Nance on April 6, 2015 consisted of striking him in the face with fists and hands, knocking him to the ground, kicking him in the ribs, legs, head and face, gouging his right eye with a thumb or thumbs, slamming his face against the bars, dragging him along the floor causing severe, painful and permanent injuries including a fractured orbital floor requiring surgery, permanently blurred vision and great physical and emotional pain. All of the foregoing constituted excessive use of force by state actors against a person in their custody and, as such, violated his constitutional right to be free from excessive use of force under the Eight and Fourteenth Amendments to the United States Constitution and under Title 42 § 1983/

**FORTY-FIRST:**

That the unconstitutional use of force by Defendants as aforesaid, constituted a deprivation of Plaintiff's rights, privileges, and immunities guaranteed to him under the constitution of the United States, specifically the Eighth and Fourteenth Amendments.

**FORTY-SECOND:**

That the injuries sustained by Plaintiff solely as a result of Defendants' unconstitutional use of excessive force in violation of the Eighth and Fourteenth Amendments include: deprivation of rights, privileges and immunities guaranteed to Plaintiff under the Eighth and Fourteenth Amendment in causing severe and painful injuries to Plaintiff's face, head, eyes and ribs as well as blurred vision and physical, psychological and emotional injuries.

WHEREFORE, Plaintiff demands judgment against the Defendants on the FIRST CAUSE OF ACTION in the amount of Two Million Dollars ($2,000,000) together with interest, costs and attorney's fees.

**AS AN FOR A SECOD CAUSE OF ACTION
AGAINST DEFENDANTS NABOZNY,
RAIMO, GREGORY, HUNTINGTON
AND BYERS- VIOLATION OF TITLE 42
USC UNITED STATES CODE § 1983 –
CRUEL AND UNUSUAL PUNISHMENT**

**FORTY-THIRD:**

Plaintiff repeats, realleges and reiterates each and every allegation set forth in Paragraphs "First" through "Forty-Second" as if fully set forth herein.

**FORTY-FOURTH:**

That the excessive force used by Defendants against Plaintiff as set forth in detail in Plaintiff's FIRST CAUSE OF ACTION, supra, in and of itself constituted cruel and unusual punishment of Plaintiff in violation of his right to due process of law and his right to be free from cruel and unusual punishment.

**FORTY-FIFTH:**

That the cruel and unusual punishment meted out by Defendants against Plaintiff was completely without justification, was not sanctioned by any court and resulted in injury to Plaintiff.

**FORTY-NINTH:**

That the injuries sustained by Plaintiff as a result of Defendants' infliction of cruel and unusual punishment by Defendants include deprivation of Plaintiff's right to due process and of his rights, privileges and immunities guaranteed to Plaintiff under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as severe, permanent and painful injuries to Plaintiff's face, head, eyes and ribs, blurred vision, fractured facial bones requiring surgery and physical, psychological and emotional pain.

WHEREFORE, Plaintiff demands judgment against Defendants on the SECOND CAUSE OF ACTION in the sum of Two Million ($2,000,000) Dollars together with interest, costs and attorney's fees.

**AS AND FOR A THIRD CAUSE OF
ACTION AGAINST DEFENDANTS
NABOZNY, RAIMO, GREGORY,
HUNTINGTON, BYERS AND MILLER
<u>FILING FALSE REPORTS AGAINST PLAINTIFF</u>**

**FIFTIETH:**

Plaintiff repeats, realleges and reiterates each and every allegation set in Paragraphs "First" through "Thirty-Eighth" of the Complaint as if fully set forth herein.

**FIFTY-FIRST:**

That following Defendants' use of excessive force and infliction of cruel and unusual punishment as aforesaid, Defendants falsely accused Plaintiff of the institutional offense of assault on staff.

**FIFTY-SECOND:**

That the aforesaid correction officers, at all times acting under color of State law, falsely accused Plaintiff of taking part in a riot, falsely accused him of knocking one correction officer to the ground and charging others in bull-like fashion, as set forth in Use Of Force Reports and other reports filed by them.

**FIFTY-THIRD:**

These reports detailed various "strikes" employed against Plaintiff to overcome him and restrain him.

**FIFTY-FOURTH:**

That these reports were deliberately falsified to justify and cover-up the excessive force and cruel and inhuman punishment perpetrated on Plaintiff by Defendants Nabozny, Raimo, Gregory, Huntington and Byers

**FIFTY-FIFTH:**

That the reports filed and information given by these named defendants was communicated to the panel which heard Plaintiff's disciplinary proceeding and his inmate grievance and played a major role in his being found guilty of assault on staff when in fact he was not guilty and in also causing his grievance and any appeals to be denied.

**FIFTY-SIXTH:**

That as a result of Defendants' actions as aforesaid Plaintiff was further wrongfully deprived of his liberty by being put in keep-lock status, or punitive segregation.

**FIFTY-SEVENTH:**

That Defendant Superintendent Christopher Miller directed the investigation which led to the filing of the Use of Force and other reports, signed-off on them and ultimately approved the findings and penalties imposed on Plaintiff Markel Nance.

**FIFTY-EIGHTH:**

That all of the foregoing constituted a deprivation of Plaintiff's due process rights and impaired his liberty interests and further served to conceal and cover-up the unconstitutional use of excessive force and cruel and inhuman punishment as hereinabove set forth which resulted in serious personal injury to Plaintiff as aforesaid, all in violation of Plaintiff's rights, privileges and immunities guaranteed to Plaintiff under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and in and in violation of Title 42, United States Code § 1983.

WHEREFORE, Plaintiff demands judgment against the Defendants on the THIRD CAUSE OF ACTION in the sum of ONE MILLION DOLLARS ($1,000,000) together with interest, costs, and attorney's fees.

## AS AND FOR A FOURTH CAUSE OF ACTION- DELIBERATE INDIFFERENCE TO PLAINTIFF'S MEDICAL NEEDS AS AGAINST DEFENDANT D. (LAST NAME UNKNOWN) JACKSON

**FIFTY-NINTH:**

Plaintiff repeats, realleges and reiterates each and every allegation set in Paragraphs "First" through "Fifty-Eighth" of the complaint as if fully set forth herein.

**SIXTIETH:**

That on April 6, 2015 and at all times here relevant, D. Jackson was employed by NYDOCCS as a registered nurse licensed by State of New York and charged with providing medical care to inmates housed at Great Meadow Correctional Facility.

**SIXTY-FIRST:**

That on April 6, 2015 and at all times here relevant, D (last name unknown) Jackson was a Registered Nurse, licensed by the State of New York and employed by NYDOCCS at Great Meadow Correctional Facility.


**SIXTY-SECOND:**

That on April 6, 2015 Plaintiff was taken to the infirmary following the infliction of the injuries set forth supra.

**SIXTY-THIRD:**

That at the time Plaintiff came into contact with Defendant Jackson, he was in tremendous pain, having been beaten about the head, face, eyes, ribs and body, including

having his left eye gouged and suffering orbital/sub-orbital fracture at the left eye. He complained of enormous pain and blurred vision.

**SIXTY-FOURTH:**

That the entry made in Plaintiff's Ambulatory Health Record by Defendant Jackson referred to an 'alleged altercation, left swollen eye, nose bleed and complaint of right rib pain." Remarkably, she wrote "no c/o pain or vision changes around eye," despite the fact that Plaintiff had just sustained an orbital/sub-orbital fracture at that sight.

**SIXTY-FIFTH:**

That, with those presenting symptoms, x-rays and/or CT scans Plaintiff should have been taken immediately and plaintiff evaluated immediately for fracture and repair surgery.

**SIXTY-SIXTH:**

That Plaintiff's chart indicates subconjunctival left eye hemorrhage on April 13, 2015 – one week later.

**SIXTY-SEVENTH:**

Plaintiff never underwent surgery until 6/12/13, when, at Albany Medical Center, he had a surgical repair of a left orbital floor blowout fracture with plastic implant and placemen

**SIXTY-EIGHTH:**

That this delay in performance of necessary surgery represented deliberate indifference to Plaintiff's serious and obvious medical needs and caused Plaintiff to suffer needless and protracted pain and suffering.

**SIXTY-NINTH:**

That such deliberate indifference was a violation of Plaintiff's constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution and

WHEREFORE, Plaintiff demands judgment against Defendants on the Fourth Cause of Action against Defendants in the amount of Five Hundred Thousand Dollars ($500,000) together with interest, costs and attorney's fees.

WHEREFORE, Plaintiff demands Total Judgment as follows:

On the FIRST CAUSE OF ACTION (EXCESSIVE FORCE AS AGAINST DEFENDANTS Nabozny, Raimo, Gregory Huntington and Byers in the amount of Two Million ($2,000,000) Dollars together with interest, costs, and attorney's fees;

On the SECOND CAUSE OF ACTION (Cruel and Unusual Punishment) as against Defendants Nabozny, Raimo, Gregory, Huntington and Byers in the sum of Two Million ($2,000,000) Dollar together with interest, costs, and attorney's fees;

On the THIRD CAUSE OF ACTION (Filing False Reports Against Plaintiff) against Defendants Nabozny, Raimo, Gregory Huntington and Byers in the sum of One Million ($1,000,000) Dollar together with interest, costs, and attorney's fees.

ON THE FOURTH CAUSE OF ACTION (Deliberate Indifference To Plaintiff's Medical Needs )as against Defendant D. Jackson in the sum of Five Hundred Thousand ($500,000.00) Dollars together with interest, costs, and attorney's fees.

For total judgment against all Defendants in the sum of $5,500,000.00 together with interest, cost and attorney's fees.

## JURY DEMAND

Trial by jury of all issues raised herein is hereby demanded by Plaintiff.


Dated:  April __, 2018
        Kew Gardens, New York

Yours, etc.
Harding & Moore, Esqs.

By: *James P Harding*
James P. Harding (Bar Roll #514925)
Attorneys for Plaintiff
Markel Nance
80-59 Lefferts Blvd.
Kew Gardens, N.Y. 11415
718-805-1500

TO:

Jeff Nabozny
11739 State Route 22
Comstock, New York 12821-0051


Eugene Raimo
11739 State Route 22
Comstock, New York 12821-0051


James Huntington
11739 State Route 22
Comstock, New York 12821-0051


Robert Gregory
11739 State Route 22
Comstock, New York 12821-0051


D. Jackson
11739 State Route 22
Comstock, New York 12821-0051

Byer
11739 State Route 22
Comstock, New York 12821-0051
Christopher Miller
11739 State Route 22
Comstock, New York 12821-0051